UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

CHARLES MCCLOUD-SMITH,

    Plaintiff,

v.                                   CAUSE NO. 2:23-CV-101-PPS-APR

PETE SORMAZ, *et al.*,

    Defendants.

## OPINION AND ORDER

Charles McCloud-Smith, a prisoner without a lawyer, filed a complaint against a number of Schererville police officers involved in his arrest and later prosecution which resulted in a four-year prison sentence. ECF 1. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The standard I apply is the same one as when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal quotation marks and citation omitted). A plaintiff can plead himself out of court if he pleads facts that preclude relief. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

McCloud-Smith alleges he was "maliciously prosecuted" by the Schererville Police Department on March 5, 2021. ECF 1 at 2. He claims Detective Norgle interviewed and later arrested him "for probable cause" in state case number 45G02-2103-F1-000018. *Id.* He was charged with attempted murder and various forms of battery against two victims. *Id.* He believes multiple charges were "the same charges, but only had been enhanced." *Id.* Because of these various charges, McCloud-Smith claims it hindered his ability to obtain private counsel, and he was forced to proceed with a public defender. *Id.* Details about his criminal case "demonizing and slandering" him were published in the newspaper. *Id.* at 1-2. McCloud-Smith and his family suffered losses because of his incarceration. *Id.* at 2. Ultimately, the state dropped the attempted murder charges—instead reducing them to a level six felony intimidation charge—and McCloud-Smith entered into a plea agreement on two other lesser charges. He believed he would be sentenced to work release, but instead he received the

2

maximum sentence and was sent to prison. *Id.* He has sued Schererville Police Chief Pete Sormaz, Detective Ernest Norgle, Deputy Chief Steve McNamara, and the Schererville Police Department for punitive damages.

Federal claims for malicious prosecution brought pursuant to 42 U.S.C. § 1983 have been recognized as arising under the Fourth Amendment. *See Thompson v. Clark*, __U.S. __, 142 S. Ct. 1332, 1337 (2022). To prevail on such a claim, the plaintiff must establish that the prosecution was instituted without probable cause, that the motive in bringing the charge was "malicious," and that the prosecution terminated in favor of the accused. *Id.* at 1338. With regard to the probable cause element, "[p]olice officers have probable cause to arrest an individual when the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed an offense." *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006) (quotation marks and citation omitted); *see also Young v. City of Chicago*, 987 F.3d 641, 644 (7th Cir. 2021) (Probable cause is a "common-sense inquiry requiring only a probability of criminal activity; it exists whenever an officer or a court has enough information to warrant a prudent person to believe criminal conduct has occurred.") (quoting *Whitlock v. Brown*, 596 F. 3d 406, 411 (7th Cir. 2010)).

Here, curiously, McCloud-Smith doesn't allege he was arrested without probable cause. In fact, he alleges the contrary; that he was arrested "for probable cause." ECF 1

3

at 2. This is undoubtedly true. According to the state court electronic docket, on March 5, 2021, both a probable cause affidavit and an information were filed, a judge issued an order finding probable cause, and McCloud-Smith was taken into custody. *See State of Ind. v. McCloud-Smith*, cause no. 45G02-2103-F1-000018 (filed Mar. 5, 2021), available online at: https://public.courts.in.gov/mycase (last visited May 17, 2023). I am permitted to take judicial notice of public documents in screening the complaint. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647–48 (7th Cir. 2018); *Daniel v. Cook Cty.*, 833 F.3d 728, 742 (7th Cir. 2016) ("Courts routinely take judicial notice of the actions of other courts or the contents of filings in other courts."). Because some of the relevant documents are available online to Indiana attorneys but not readily available online to the public—in the spirit of N.D. Ind. L.R. 7-1(f)—the clerk will be directed to attach a copy of those relevant filings to this order.

According to the probable cause affidavit by Detective David Nangle[1], the detective spoke with two officers who had personal knowledge regarding the incident. Those officers had, in turn, interviewed the two victims of McCloud-Smith's violent activity. Here's their harrowing account of what happened: McCloud-Smith—whom they recognized because he was in a previous relationship and has a child with one of

---

[1] It's not clear whether McCloud-Smith incorrectly named Detective Ernest Norgle as a defendant instead of Detective David Nangle, but, as will be explained below, he hasn't stated any claims against either of the officers.

the victims—broke into their apartment in the early morning hours of March 5, 2021. He attacked one of the women who was sleeping on the couch, knocked her to the floor, and "aggressively push[ed] his fingers into her eyes." *See Nangle Probable Cause Affidavit*, attached as Exhibit 3. He threatened both women, screaming at them, "You're going to die!" and proceeded to stab one of the women with a metal fork in her upper right arm before fleeing. *Id*. The officers observed wounds on the victims, including a stab wound consistent with a fork on the arm of one and a swollen eye that was actively bleeding on the other. According to the affidavit, Detective Nangle also spoke directly with the victims, and he concluded they were both "truthful and credible." *Id*. One of the victims went to the hospital for further medical treatment for her eye because it was swollen shut and her vision was blurred.

      McCloud-Smith was arrested and charged with a bevy of crimes: two counts of felony attempted murder (a Level 1 felony under Indiana law), felony battery resulting in serious bodily injury (a Level 5 felony), felony domestic battery by means of a deadly weapon (Level 5), battery resulting in moderate bodily injury (Level 6), domestic battery resulting in moderate bodily injury (Level 6), residential entry (Level 6), and Class A misdemeanor theft. *See Information*, attached as Ex. 1. On July 27, 2021, an amended information was filed that dropped the attempted murder charges and replaced them with a Level 6 felony intimidation charge, but all other charges remained the same. *See Amended Information*, attached as Ex. 2.

The probable cause affidavit clearly establishes there was probable cause to arrest McCloud-Smith for at least one (and, in reality, many) of the charged crimes. For example, the Level 6 felony battery charge—one of the charges he eventually ended up pleading guilty to—requires the defendant to have knowingly or intentionally touched another person in a rude, insolent, or angry manner, which resulted in moderate bodily injury. *See* Ind. Code § 35-42-2-1(c)(1) & (e)(1). "'Moderate bodily injury' means any impairment of physical condition that includes substantial pain." Ind. Code § 35-31.5-2-204.5. The actions described in the affidavit are "sufficient to warrant a prudent person in believing that the suspect had committed an offense." *Mustafa*, 442 F.3d at 547 (quotation marks and citation omitted). He was then arrested and charged accordingly, which forecloses his malicious prosecution claim. *See Thompson*, 142 S. Ct. at 1338.

What's more, although McCloud-Smith takes issue with the "enhanced" charges and the number of them, this does not save his claim because there was probable cause to arrest and charge him with at least one of the crimes. *See Williams v. Rodriguez*, 509 F.3d 392, 399 (7th Cir. 2007) (noting the Supreme Court has "rejected the rule that the offense establishing probable cause must be 'closely related' to, and based on the same conduct as, the offense identified by the arresting officer at the time of the arrest") (quoting *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004)); *see also United States v. Williams*, 495 F.3d 810, 817–18 (7th Cir. 2007) (once officers established probable cause to arrest a defendant, "it is irrelevant that their investigation eventually found evidence of other

crimes, that he was originally charged with those other crimes, or that the [sic] those crimes were charged based on an investigation that dragged out longer than was warranted by their original suspicion"). The fact that the attempted murder charges were later dropped, and an additional charge of intimidation was added, does not negate the existence of probable cause at the time he was detained and charged.

Moreover, as mentioned above, McCloud-Smith pled guilty to two of the offenses he was originally charged with—the Level 6 felony battery resulting in moderate bodily injury and the Level 6 felony domestic battery. (The rest of the charges were dismissed as part of the plea agreement.) *See State of Ind. v. McCloud-Smith*, cause no. 45G02-2103-F1-000018 (filed Mar. 5, 2021), available online at: https://public.courts.in.gov/mycase (last visited May 17, 2023). On October 27, 2021, he was adjudged guilty of those crimes and sentenced to four years in prison. *See id*. That conviction has not been overturned; in fact, it was affirmed on appeal. *See McCloud-Smith v. State of Ind.*, cause no. 21A-CR-02607 (filed Nov. 24, 2021), available online at: https://public.courts.in.gov/mycase (last visited May 17, 2023).[2] Thus, I find

---

[2] Of note, the appellate court referenced the fact that McCloud-Smith stipulated to the following factual basis in his plea agreement:

> On March 5, 2021, McCloud-Smith travelled—uninvited—to a home in Schererville. Paige Mills was in the home, and she awoke to McCloud-Smith standing over her. McCloud-Smith was angry and aggressively pushed his fingers into Mills' eyes. Shyann Bell—who shared a child with McCloud-Smith—was also present and attempted to intervene. McCloud-Smith stabbed Bell in the arm with a fork and then fled.

*See McCloud-Smith v. State of Ind.*, cause no. 21A-CR-02607 (filed Nov. 24, 2021), Memorandum Decision dated May 19, 2022, available online at: https://public.courts.in.gov/mycase (last visited May 17, 2023).

that McCloud-Smith's malicious prosecution claim must fail for this reason as well. *See Crowder v. Barrett*, No. 22-1899, 2023 WL 3145312, at *4 (7th Cir. Apr. 28, 2023) ("Finally, to the extent that [the plaintiff] intends to argue that he was unfairly prosecuted, that argument must fail because his robbery charge ended in a conviction that has not been overturned.") (citing *Thompson*, 142 S. Ct. at 1341).

McCloud-Smith also alleges he couldn't find a private attorney willing to represent him because there were "so many" charges and they were "enhanced." ECF 1 at 2. He later states that he "could not afford an attorney due to having these erroneous enhanced charges." *Id*. at 3. But the fact that he couldn't retain a private attorney—either because he lacked the finances to do so or because no attorney wanted to take the case on his behalf—doesn't constitute any sort of constitutional violation under §1983. "[T]he Sixth Amendment guarantees a defendant the right to be represented by an otherwise qualified attorney whom that defendant *can afford to hire, or who is willing to represent the defendant* even though he is without funds." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006) (citation omitted) (emphasis added). Because McCloud-Smith couldn't obtain counsel on his own, he admits that the court appointed counsel for him. Although McCloud-Smith alleges he had "constant clashes" with his appointed public defender (ECF 1 at 2), this doesn't state a claim under § 1983. *See Gonzalez-Lopez*, 548

---

This stipulation alone establishes probable cause to support the arrest and prosecution of McCloud-Smith.

U.S. at 151 ("the right to counsel of choice does not extend to defendants who require counsel to be appointed for them").

Finally, McCloud-Smith alleges the case was published in a newspaper, which damaged his reputation by "demonizing and slandering" him. ECF 1 at 2–3. Putting aside the vagueness of these allegations, his "interest in reputation asserted in this case is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law." *Paul v. Davis*, 424 U.S. 693, 712 (1976); *see also Bone v. City of Lafayette, Ind.*, 919 F.2d 64, 65–67 (7th Cir. 1990). Therefore, he hasn't stated a viable federal claim under § 1983.[3]

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) (citation omitted). For the reasons I described above, such is the case here.

Accordingly, this case is DISMISSED pursuant to 28 U.S.C. § 1915A because the complaint fails to state any viable claims.

---

[3] Under Indiana law, for a claim of defamation, "a plaintiff must prove four elements: (1) a communication with defamatory imputation, (2) malice, (3) publication, and (4) damages." *Hamilton v. Prewett,* 860 N.E.2d 1234, 1243 (Ind. Ct. App. 2007). Publishing facts about a criminal case—especially one that resulted in a conviction by way of a plea agreement—does not constitute malice. Therefore, McCloud-Smith hasn't stated any viable state law claims either.

SO ORDERED.

ENTERED: May 23, 2023.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT